UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jacqueline E. Carr,

    Plaintiff,                      Case No.  1:14cv381

    v.                              Judge Michael R. Barrett

Wyndham World Wide,

    Defendant.

**OPINION & ORDER**

This matter is before the Court upon Defendant's Motion to Dismiss.  (Doc. 5). Plaintiff has not filed a Response.

**I.    BACKGROUND**

Plaintiff Jacqueline Carr is resident of Cincinnati, Ohio.  (Doc. 1, ¶ 1).  Plaintiff brings this diversity action based on injuries she allegedly sustained during her stay at the Wyndham Bonnet Creek Resort in Buena Vista, Florida, in May of 2010.  (Id., ¶¶ 2, 9).  According to Plaintiff, she slipped and fell in the resort's gift shop.  (Id. at ¶¶ 4-5).

In its Motion to Dismiss, Defendant argues that Plaintiff has named an improper, non-existent entity as a defendant.  Defendant also argues that this Court lacks personal jurisdiction over Defendant.  Finally, Defendant argues that even if there is personal jurisdiction over Defendant, Plaintiff's claim is barred by the applicable statute of limitations.

**II.    ANALYSIS**

**A.  Standard of Review**

The plaintiff bears the burden of proving personal jurisdiction exists.  *Neogen*

*Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). In the face of a supported motion to dismiss, the plaintiff may not rest on his pleadings, but must, by affidavit or otherwise, set forth specific evidence supporting jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 930 (6th Cir. 1974)). When a court considers a motion to dismiss pursuant to Rule 12(b)(2) without an evidentiary hearing, the plaintiff "'need only make a prima facie showing of jurisdiction.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen*, 282 F.3d at 887) (internal citation omitted).

### B. Personal Jurisdiction

"Under Ohio law, personal jurisdiction over non-resident defendants is available only if (1) the long-arm statute confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 930 N.E.2d 784, 790 (2010); *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 543 (1994)).

Under Ohio's long-arm statute, a court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state;

. . .

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

Ohio Rev. Code § 2307.382(A).

The Sixth Circuit has recently explained:

2

> While the Ohio courts interpret the "transacting business" prong broadly to "permit jurisdiction over nonresident defendants who are transacting any business in Ohio," *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 559 N.E.2d 477, 480 (1990), the Ohio long-arm statute requires a "proximate cause" relationship between the defendant's act and the plaintiff's cause of action. *Brunner v. Hampson*, 441 F.3d 457, 465-66 (6th Cir. 2006). A mere "but-for" connection is insufficient. *Id.* As a result, we have determined that the Ohio long-arm statute's "arising from" prong has less reach than the Due Process Clause, and, thus, due process need not be considered. *Id.*

*Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F. App'x 427, 429 (6th Cir. 2014).

In the Complaint, Plaintiff states that jurisdiction over Defendant is proper, because "the location [of Plaintiff's injury] was at Defendant's Wyndham Vacation Ownership property in Lake Buena Vista, Florida." (Doc. 1, ¶ 1). There is no allegation that Defendant transacted business in Ohio. At most, Plaintiff states that she was a member of Defendant's "Wyndham Club Plus." (Id., ¶ 2). However, this membership would not be the "proximate cause" of the incident where Plaintiff slipped and fell. Therefore, the Court finds that personal jurisdiction is not proper under Section 2307.382(A)(1).

The Court also finds that personal jurisdiction is not proper under Section 2307.382(A)(4). As one Ohio court has explained: "The fact that plaintiffs have continued to suffer the effects of the accident on their return to Ohio, or have received medical treatment for their injuries in Ohio, does not give rise to jurisdiction." *Hunter v. Mendoza*, 197 F.Supp.2d 964, 968 (N.D.Ohio 2002).

Because Plaintiff has not established personal jurisdiction under Ohio's long arm statute, the Court finds it unnecessary to address whether jurisdiction is proper under the Federal Due Process Clause. *See Brunner v. Hampson*, 441 F.3d 457, 467 (6th Cir. 2006) (holding that where the plaintiff cannot show jurisdiction under the Ohio long-

3

arm statute a Due Process analysis is unnecessary).

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss (Doc. 5) is **GRANTED**. Accordingly, Plaintiff's claims are **DISMISSED without PREJUDICE**. *Accord Intera Corp. v. Henderson*, 428 F.3d 605, 621 (6th Cir. 2005) (upon a determination that personal jurisdiction is lacking, dismissal is to be without prejudice). This matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                   */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT